# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JENNIFER BANDY, on behalf of all others
similarly situated,

Plaintiff,

v.

TOC ENTERPRISES, INC d/b/a Tennessee
Orthopaedic Clinics, a division of
TENNESSEE ORTHOPAEDIC ALLIANCE,
P.A.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:23-CV-00598

District Judge Aleta A. Trauger

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM AND NOTICES

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.      My name is Cameron Azari.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. Hilsoft is a business unit of Epiq.

4.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business.

## OVERVIEW

5.      This declaration describes the implementation of the Settlement Notice Program ("Notice Program") and notices (the "Notice" or "Notices") for *Bandy v. TOC Enterprises, Inc.*,

Case No. 3:23-cv-00598 in the United States District Court for the Middle District of Tennessee, Nashville Division. I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Program and Notices*, on October 27, 2023, which described the Notice Program, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## NOTICE PROGRAM SUMMARY

6. Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1] The Notice Program satisfied these requirements.

7. The Notice Program was designed to reach the greatest practicable number of Class Members with individual notice. The Notice Program individual notice efforts reached approximately 96.2% of the identified Class. The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Program was consistent with other court-approved notice programs, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## CAFA NOTICE

8. On November 6, 2023, Epiq sent 57 CAFA Notice Packages ("CAFA Notice"). The CAFA Notice was mailed via United States Postal Service ("USPS") Certified Mail to 55 officials (the Attorneys General of 49 states, the District of Columbia, and the United States Territories). As per the direction of the Office of the Nevada Attorney General, the CAFA Notice

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

was sent to the Nevada Attorney General electronically via email. The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States. Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated November 6, 2023, which is included as **Attachment 1.**

## NOTICE PROGRAM DETAIL

9.  On November 7 2023, the Court approved the Notice Program and appointed Epiq as the Settlement Administrator in the *Order Granting Preliminary Approval of Class Action Settlement* ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court approved the following "Class":

> [A]ll natural persons residing in the United States who were sent notice that their Private Information was potentially impacted in the Data Incident.
>
> The Class specifically excludes (i) Defendant and its employees, officers, and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

## NOTICE PROGRAM

### *Individual Notice*

10. On November 20, 2023, Epiq received one data file with 43,885 unique, identified Class Member records, which included names and mailing addresses. Epiq deduplicated and rolled-up the records and loaded the unique, identified Class Member records into its database for this Settlement. These efforts resulted in 43,884 unique, identified Class Member records, which were sent a Short Notice.

### *Individual Notice – Direct Mail*

11. On January 8, 2024, Epiq sent 43,884 Short Notices (in the form of a double-postcard) to all identified Class Members with an associated physical address. The Short Notice was sent via USPS first-class mail. The Short Notice clearly and concisely summarized the case, the Settlement, and the legal rights of the Class Members. The Short Notice postcard included a detachable address update form that the recipient could return to Epiq if they wanted to update

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

their address.  In addition, the Short Notice also directed the recipients to the Settlement Website to access additional information.  The Short Notice is included as **Attachment 2.**

12.     Prior to sending the Short Notices, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information was up-to-date and accurately formatted for mailing.[3]  In addition, the addresses were certified through the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

13.     The return address on the Short Notices is a post office box that Epiq maintains for this case.  The USPS automatically forwards Short Notices with an available forwarding address order that has not expired ("Postal Forwards").  Short Notices returned as undeliverable are re-mailed to any new address available through USPS information (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired, but was still within the time period in which the USPS returns the piece with the address indicated), or to better addresses that are found using a third-party address lookup service.  Upon successfully locating better addresses, Short Notices were promptly remailed.  As of February 23, 2024, Epiq has remailed 1,602 Short Notices.

14.     Additionally, a Claim Form and/or Long Form Notice was mailed to all persons who requested one via the toll-free telephone number or by other means.  As of February 23, 2024, 21 Claim Forms and/or Long Form Notices have been mailed as a result of such requests.  The Claim Form is included as **Attachment 3.**  The Long Form Notice is included as **Attachment 4.**

*Notice Results*

15.     As of February 23, 2024, a Short Notice was delivered to 42,259 of the 43,884

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery point coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

unique, identified Class Members.  This means the individual notice efforts reached approximately 96.2% of the identified Class Members.

### *Settlement Website*

16.     On January 5, 2024, Epiq established a dedicated website for the Settlement with an easy to remember domain name (www.TOCsettlement.com).  Relevant documents, including the Long Notice, Short Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement are posted on the Settlement Website.  The Settlement Website also provides the ability for Class Members to file an online Claim Form.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Settlement Administrator, and how to obtain other case-related information.  The website address was prominently displayed in all notice documents.  As of February 23, 2024, there have been 543 unique visitor sessions to the Settlement Website, and 2,549 web pages have been presented.

### *Toll-Free Number and Other Contact Information*

17.     On January 5, 2024, a toll-free telephone number (1-888-928-4179) was established for the Settlement.  Callers are able to hear an introductory message and also have the option to learn more about the Settlement in the form of recorded answers to FAQs.  This automated phone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of February 23, 2024, there have been 117 calls to the toll-free telephone number representing 316 minutes of use.

18.     A postal mailing address was established and continues to be available, providing Class Members with the opportunity to request additional information or ask questions.

### PLAIN LANGUAGE NOTICE DESIGN

19.     The Notices and Claim Form were carefully designed in consultation with counsel for the settling parties, to be "noticed," reviewed, and—by presenting the information in plain language—understood by Class Members.  The design of the Notices followed the principles embodied in the Federal Judicial Center's illustrative "model" notices, posted at www.fjc.gov.

Many courts, and the FJC itself, have approved notices that Epiq has written and designed in a similar fashion.  The Notices contained substantial, easy-to-read summaries of all key information about Class Members' rights and options under the Settlement.  Consistent with our standard practice, all notice documents underwent a final edit for grammar and accuracy prior to their dissemination and publication.

20.     The Long Notice provided substantial information to Class Members.  The Long Notice included (i) details regarding the Class Members' ability to opt out or object to the Settlement Agreement, (ii) instructions on how to submit a Claim Form, (iii) the deadline to submit a Claim Form, opt out, or object, and (iv) the date, time, and location of the Final Fairness Hearing, among other information.

### Requests for Exclusion

21.     The deadline to request exclusion (opt-out) from the Settlement or to object to the Settlement is March 8, 2024.  As of February 23, 2024, Epiq has received three requests for exclusion.  The Request for Exclusion Report is included as **Attachment 5.**  As of February 23, 2024, I am aware of no objections to the Settlement.

### Claim Submission & Distribution Options

22.     The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Class Members can file a Claim Form online or by mail prior to the claim filing deadline.  The Short Notice included the Settlement Website URL, where Class Members can file a Claim Form online.  With any method of filing a Claim Form, Class Members have the option of receiving a digital payment or a traditional paper check.

23.     The deadline for Class Members to file a claim is April 8, 2024.  As of February 23, 2024, Epiq has received 308 Claim Forms (307 online and 1 paper).  Since the April 8, 2024, claim filing deadline has not yet passed, these numbers are preliminary.  By that deadline, I expect a significant number of additional claims will have been filed by Class Members.  As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  There is a likelihood that after detailed review, the total number of Claim Forms received

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

will change due to duplicate and denied Claim Forms.

## CONCLUSION

24.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way.  All of these requirements were met in this case.

25.     The Notice Program included an extensive individual notice effort to the identified Class Members.  With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 96.2% of the identified Class Members.  The individual notice was supplemented with a dedicated Settlement Website.  The FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Class.  It is reasonable to reach between 70–95%."[4] Here, the Notice Program we have developed and implemented achieved a reach at the high end of that standard.

26.     The Notice Program followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Class, and (b) to ensure that notice is reasonably calculated to do so:

> a.     "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

---

[4] FED. JUDICIAL CTR., JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

b.    "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

27.    The Notice Program provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

28.    The Notice Program schedule afforded enough time to provide full and proper notice to Class Members before any opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed February 29, 2024.

_____
Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM AND NOTICES

# Attachment 1

| | | |
|---|---|---|
| JENNIFER BANDY, on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:23-CV-00598 |
| TOC ENTERPRISES, INC d/b/a Tennessee Orthopaedic Clinics, a division of TENNESSEE ORTHOPAEDIC ALLIANCE, P.A., | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.　　My name is KYLE S. BINGHAM. I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.　　I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans. I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 400 class action settlements.

3.　　Epiq is a firm with more than 25 years of experience in claims processing and settlement administration. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4.     The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

**CAFA NOTICE IMPLEMENTATION**

5.     At the direction of counsel for Defendant(s) TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.     Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.     On November 6, 2023, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Certified Mail to 55 officials (the Attorneys General of 49 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada Attorney General, the Notice was sent to the Nevada Attorney General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail, Email, and UPS) is included as **Attachment 1**.

8.     The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case, and Appendix A to the

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

Cover Letter, which provided the current estimate of the number of class members residing in each state. The Cover Letter and Appendix A is included as **Attachment 2**.

9.　　The cover letter was accompanied by a CD, which included the following:

    a.　　**Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

- Class Action Complaint (filed June 12, 2023);

- Amended Class Action Complaint (filed July 24, 2023); and

- Second Amended Class Action Complaint (filed October 26, 2023).

    b.　　**Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

- Postcard Notice;

- Long Form Notice; and

- Claim Form.

    c.　　**Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Settlement Agreement.


I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2023.


KYLE S. BINGHAM

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

# **Attachment 1**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A. Henry | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capitol | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Ariel M. Smith | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**Email**

| Company | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B, Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# **Attachment 2**

November 6, 2023

**VIA UPS OR USPS CERTIFIED MAIL**

| **Class Action Fairness Act – Notice to Federal and State Officials** |
|---|

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance relating to the proposed settlement of a class action lawsuit.

- **Case:** *Bandy v. TOC Enterprises Inc.*, Case No. 3:23-cv-00598.

- **Court:** United States District Court for the Middle District of Tennessee Nashville Division.

- **Defendant:** TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance.

- **Documents Enclosed:** In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

     - Class Action Complaint (filed June 12, 2023);

     - Amended Class Action Complaint (filed July 24, 2023); and

     - Second Amended Class Action Complaint (filed October 26, 2023).

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has not scheduled a preliminary approval hearing, a final approval hearing, or any other judicial hearing concerning the settlement agreement at this time.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

     - Postcard Notice;

     - Long Form Notice; and

     - Claim Form.

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Settlement Agreement.

  5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There are no other Settlements or Agreements between the parties.

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:** To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** At this juncture, it is not feasible to provide the name and state of residence for each of the estimated class members covered by the proposed settlement. Pursuant to section (b)(7)(B), TOC provides the attached current estimate of the number of class members residing in each state and the current proportionate share of the claims of those members to the settlement as **Appendix A.**

    The proportionate share of the settlement amount that each class member is eligible to receive is dependent upon certain matters to be determined by the Court at the final approval hearing (including, for example, the amount of the attorneys' fees and litigation costs, if any, to award to class counsel and the amount of any class representative award to plaintiff), whether certain class members cannot be located, the results of additional diligence to resolve any discrepancies in Defendant's business records, and certain other matters that will not be known until the time of the final approval hearing (including, for example, the number of class members that request exclusion from the *Bandy v. TOC* Action). As detailed in the Settlement Agreement, each class member who does not exclude himself or herself from the *Bandy v. TOC* Action will be eligible to receive compensation for out-of-pocket losses, not to exceed $1,500, that were incurred as a result of the Data Incident, reimbursement for up to 3 hours of lost time at $20 per hour, reimbursement for documented extraordinary out-of-pocket losses, not to exceed $4,000, and free credit monitoring and identity theft restoration services.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

**Appendix A**

*Bandy v. TOC Enterprises Inc.*
Case No. 3:23-cv-00598
Geographic Location of Potential Class Members

| State | Count |
|-------|-------|
| AK | 4 |
| AL | 72 |
| AR | 11 |
| AZ | 26 |
| CA | 34 |
| CO | 21 |
| CT | 2 |
| DC | 1 |
| DE | 1 |
| FL | 242 |
| GA | 138 |
| HI | 3 |
| IA | 10 |
| ID | 7 |
| IL | 30 |
| IN | 46 |
| KS | 5 |
| KY | 302 |
| LA | 9 |
| MA | 7 |
| MD | 18 |
| ME | 4 |
| MI | 53 |
| MN | 5 |
| MO | 12 |
| MS | 20 |
| MT | 4 |
| NC | 147 |
| ND | 1 |
| NE | 2 |
| NH | 3 |
| NJ | 14 |
| NM | 7 |
| NV | 7 |
| NY | 22 |
| OH | 66 |
| OK | 9 |
| OR | 7 |
| PA | 15 |
| RI | 2 |
| SC | 76 |
| SD | 8 |
| TN | 44,050 |
| TX | 73 |
| UT | 6 |
| VA | 130 |
| VT | 4 |
| WA | 7 |
| WI | 7 |
| WV | 20 |
| WY | 6 |
| AS | 0 |
| GU | 0 |
| MP | 0 |
| PR | 1 |
| VI | 0 |
| | 45,777 |

# Attachment 2

PRESORTED
FIRST-CLASS MAIL
AUTO
US POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

Unique ID: ▮▮▮▮▮▮

**If you were sent notice of a Data Incident involving Tennessee Orthopaedic Clinics in March 2023, you may be entitled to benefits from a settlement.**





**THIS IS NOT A CLAIM FORM**

---

## PERSONAL INFORMATION UPDATE FORM

If you wish to notify the Settlement Administrator of any change in your contact information, you may fill out and return this card.

First Name:                     MI:     Last Name:

Mailing Address:

City:                                    State:       ZIP Code:

Email Address:

A settlement has been reached in a class action lawsuit captioned *Bandy v. TOC Enterprises, Inc.*, No. 3:23-cv-00598 (M.D. Tenn.) arising out of a data security incident experienced by TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A. ("Defendant") in March 2023 (the "Data Incident"). You are a Class Member if you were sent notice that your Private Information was potentially impacted in the Data Incident.

**You are receiving this notice because you may be a Class Member.** You may be able to recover the following benefits:

- **Documented Ordinary Out-of-Pocket Expenses:** If you submit a Valid Claim showing that you spent money or incurred losses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.
- **Attested Lost Time:** Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour.
- **Documented Extraordinary Out-of-Pocket Expenses:** For certain documented monetary losses, you may be eligible for reimbursement up to $4,000. You must submit a Valid Claim to receive these benefits.
- **Identity Theft Protection and Credit Monitoring:** Class Members may submit a Claim to receive two years of free 1-bureau identity theft restoration and credit monitoring services. Individuals who previously enrolled in the credit monitoring services offered by Defendant following the Data Incident will be automatically provided one year of additional 1-bureau credit monitoring services, without the need to make a claim for this Settlement benefit.

The easiest way to submit a claim is at **www.TOCsettlement.com** using your Unique ID on the front of this notice. Your claim must be postmarked or submitted online on or before **April 8, 2024**. You can opt-out or object to the Settlement postmarked on or before **March 8, 2024**. If you do not opt-out, you will remain in the Class and give up the right to sue Defendant and its Related Entities for the legal claims relating to the Data Incident resolved by the Settlement.

The Court will hold a Final Fairness Hearing on **March 14, 2024, at 3:00 p.m.** At this hearing, the Court will consider whether to approve the Settlement, including the requested attorneys' fees and costs of $150,000 and an Incentive Award of $2,000. The Court will also consider any objections to the Settlement, and listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, but it is not necessary.

This notice is a summary. The Settlement Agreement and more information about the lawsuit and Settlement are available at **www.TOCsettlement.com** or by calling toll-free **1-888-928-4179**.



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL     PERMIT NO. 581     PORTLAND, OR

POSTAGE WILL BE PAID BY ADDRESSEE

TOC SETTLEMENT ADMINISTRATOR
C/O EPIQ
PO BOX 5017
PORTLAND OR 97208-9718

# Attachment 3

**Must be postmarked
or submitted online
NO LATER THAN
April 8, 2024**

TOC SETTLEMENT ADMINISTRATOR
P.O. BOX 5017
PORTLAND, OR 97208-5017
WWW.TOCSETTLEMENT.COM

## TOC Enterprises Data Incident Settlement Claim Form

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

If you were sent Notice that your Private Information was potentially impacted in the Data Incident, you are a Settlement Class Member and may submit a claim for the Settlement Benefit(s).

**The easiest way to submit a claim is online at www.TOCsettlement.com**, or you can complete and mail this Claim Form to the mailing address above.

**You may submit a claim for one or more of these benefits:**

**Documented Ordinary Out-of-Pocket Expenses:** If you submit a Valid Claim showing that you spent money or incurred losses, as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.

**Reimbursement for Attested Lost Time:** Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour.

**Documented Extraordinary Out-of-Pocket Expenses:** For certain documented monetary losses, you may be eligible for reimbursement up to $4,000. You must submit a Valid Claim to receive these benefits.

**Identity Theft Protection and Credit Monitoring:** Class Members may submit a Claim to accept two years of free 1-bureau credit monitoring and identity theft restoration services. Individuals who previously enrolled in the credit monitoring services offered by Defendant following the Data Incident will be automatically provided one year of 1-bureau credit monitoring services without the need to make an affirmative claim.

**Claims must be submitted online or postmarked by April 8, 2024. Use the address at the top of this form for mailing this Claim Form.**

*Please note: The Settlement Administrator may contact you to request additional documents to process your Claim.*

For more information on the Settlement Benefits, what documents you need to attach, how the Settlement Administrator will decide whether to approve your payments, and for complete instructions, **visit www.TOCsettlement.com**.

**Settlement Benefits will be distributed only after the Settlement is approved by the Court.**

Questions? Go to **www.TOCsettlement.com** or call **1-888-928-4179**.

01-CA4-0088593   Case 3:23-cv-00598   Document 44-2   Filed 02/29/24   Page 25 of 41 PageID #: 580
AJ6421 v.02                                                                              Page 1 of 5

## Your Information

*We will use this information to contact you and process your Claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by emailing **info@TOCsettlement.com**.*

**1. NAME:**

First     MI     Last

**2. MAILING ADDRESS:**

Street Address

Apt. No.

City     State     ZIP Code

**3. PHONE NUMBER:**

**4. EMAIL ADDRESS:**

**5. UNIQUE ID provided on mailed Notice (if known):**

## Documented Ordinary Out-of-Pocket Expenses

To receive reimbursement for documented out-of-pocket expenses for up to $1,500, you must submit a Valid Claim, including documentation supporting your Claim. You must sign the signature and attestation section at the end of this Claim to receive these benefits.

Class Members who submit a Valid Claim are eligible for the following documented ordinary out-of-pocket expenses, not to exceed $1,500 per Class Member, that were incurred as a result of the Data Incident:

| Loss Type | Amount of Expense and Date |
|---|---|
| Unreimbursed bank fees | $ \_\_\_\_\_ . \_\_  <br> Date: \_\_ – \_\_ – \_\_\_\_ <br>      MM   DD   YYYY |
| Long distance phone charges | $ \_\_\_\_\_ . \_\_ <br> Date: \_\_ – \_\_ – \_\_\_\_ <br>      MM   DD   YYYY |

Questions? Go to **www.TOCsettlement.com** or call **1-888-928-4179**.

| | |
|---|---|
| Cell phone charges (only if charged by the minute) | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |
| Data charges (only if charged based on the amount of data used) | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |
| Postage | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |
| Gasoline for local travel | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |
| Unreimbursed losses due to fraud or identity theft | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |
| Any other charge or loss reasonably related to the Data Incident incurred by Class Members between March 20, 2023, and April 8, 2024. | $ ☐☐☐☐ . ☐☐ <br><br> Date: ☐☐ – ☐☐ – ☐☐☐☐ <br> MM    DD    YYYY |

## Reimbursement for Attested Lost Time

Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (but only if at least one full hour was spent dealing with the Data Incident).

☐ 1 Hour     ☐ 2 Hours     ☐ 3 Hours

Check all activities, below, which apply.

☐ Time spent obtaining credit reports.

☐ Time spent dealing with a credit freeze.

☐ Time spent dealing with bank or credit card fee issues.

☐ Time spent monitoring accounts.

☐ Time spent updating automatic payment programs because your card number changed.

Questions? Go to **www.TOCsettlement.com** or call **1-888-928-4179**.

☐ Other (please describe)

_____

_____

_____

☐ I attest that any claimed lost time was spent responding to issues raised by the Data Incident.

Claims for reimbursement of lost time may be combined with claims for documented out-of-pocket expenses.

## Documented Extraordinary Out-of-Pocket Expenses

Class Members are eligible to receive reimbursement for documented extraordinary out-of-pocket losses, not to exceed $4,000 per Class Member for documented monetary loss that:

    1)    is actual, documented, and unreimbursed;

    2)    was more likely than not caused by the Data Incident;

    3)    occurred between March 20, 2023, to April 8, 2024; and

    4)    is not already covered by one or more of the above-referenced reimbursed expenses.

Your Documented Extraordinary Out-of-Pocket Expense Claim must include documentation that you made reasonable efforts to avoid, or seek reimbursement for, such extraordinary losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

| Loss Type | Amount of Expense and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident.) |
|---|---|---|
| Documented extraordinary expenses directly associated with dealing with the Data Incident | $ ⬚⬚⬚⬚⬚ . ⬚⬚  <br><br> Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br>     MM   DD   YYYY | _____ <br> _____ <br> _____ <br> _____ |

## Identity Theft Protection and Credit Monitoring

**To accept two years of free 1-bureau credit monitoring and identity theft restoration services, check the box below:**

☐ Yes, I would like to accept two years of free 1-bureau credit monitoring and identity theft restoration services.

**If you previously enrolled in credit monitoring services offered by Defendant following the Data Incident, you will be automatically provided one year of 1-bureau credit monitoring services, and you do not need to make a claim to receive that benefit.

Questions? Go to **www.TOCsettlement.com** or call **1-888-928-4179**.

If you made a claim for a Settlement Benefit payment on this Claim Form, you can elect to receive your payment either by check or by electronic payment. If you choose an electronic payment, instructions for receiving your payment will be sent to the email address you provided on this Claim Form. Checks must be cashed within 90 days of issuance.

Which do you prefer?

☐ Electronic payment

☐ Check

## Signature and Attestation

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge and that any documents that I have submitted in support of my Claim are true and correct copies of original documentation.

I affirm under the laws of the United States that the losses or expenses claimed were incurred as a result of the Data Incident.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

**Signature:** _____   **Date:** ☐☐ – ☐☐ – ☐☐☐☐
                                                              MM      DD      YYYY

**Print Name:** _____

REMINDER: You can submit your Claim online at **www.TOCsettlement.com**. If you choose to submit your Claim by mail, this form must be completed, signed, and sent to the Settlement Administrator, **postmarked** no later than **April 8, 2024**, and addressed to: **TOC SETTLEMENT ADMINISTRATOR, P.O. Box 5017, Portland, OR 97208-5017.**

Questions? Go to **www.TOCsettlement.com** or call **1-888-928-4179**.

05-CA440068999

Case 3:23-cv-00598    Document 44-2    Filed 02/29/24    Page 29 of 41 PageID #: 584

AJ6425 v.02

Page 5 of 5

# Attachment 4

# If you were notified of a Data Incident involving Tennessee Orthopaedic Clinics in March 2023, you may be entitled to benefits from a settlement.

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A. ("Defendant") arising out of a data security incident Defendant experienced in March 2023 (the "Data Incident"). The Private Information of current and former patients of Defendant was potentially compromised in the Data Incident.

- You are a "Class Member" if you were sent notice that your Private Information was potentially impacted in the Data Incident.

- Under the terms of the Settlement, Class Members may be able to recover the following benefits:

  o **Documented Ordinary Out-of-Pocket Expenses:** If you submit a Valid Claim showing that you spent money or incurred losses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.

  o **Attested Lost Time:** Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour.

  o **Documented Extraordinary Out-of-Pocket Expenses:** For certain documented monetary losses, you may be eligible for reimbursement up to $4,000. You must submit a Valid Claim to receive these benefits.

  o **Identity Theft Protection and Credit Monitoring:** Class Members may submit a Claim to receive two years of free identity theft restoration and credit monitoring services. Individuals who previously enrolled in the credit monitoring services offered by Defendant following the Data Incident will be automatically provided one year of additional 1-bureau credit monitoring services without the need to make any affirmative claim.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get Settlement benefits is to submit a Claim Form. Individuals who previously enrolled in the credit monitoring services offered by Defendant following the Data Incident will automatically receive one year of additional 1-bureau credit monitoring services, without the need to make a claim for this benefit. | **Submitted or Postmarked on or before April 8, 2024.** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits. Keep your right to file your own lawsuit against Defendant about the legal claims in this case. | **Postmarked on or before March 8, 2024.** |
| **OBJECT TO THE SETTLEMENT** | Stay in the Settlement, but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | **Received on or before March 8, 2024.** |
| **DO NOTHING** | Get no Settlement benefits. Be bound by the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement benefits or payments will be provided unless the Court approves the Settlement, and it becomes final.

**Questions? Go to www.TOCsettlement.com or call 1-888-928-4179**

**BASIC INFORMATION** ...................................................................................**PAGE 3**
    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  Why is the lawsuit a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ...............................................**PAGE 4**
    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**...............................**PAGE 4**
    8.  What does the Settlement provide?
    9.  What am I giving up to receive Settlement benefits or stay in the Class?
    10. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** .......................................**PAGE 5**
    11. How do I make a claim for Settlement benefits?
    12. What happens if my contact information changes after I submit a claim?
    13. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** .........................................................**PAGE 6**
    14. Do I have a lawyer in this case?
    15. How will Class Counsel be paid?

**OPTING OUT FROM THE SETTLEMENT** .....................................................**PAGE 7**
    16. How do I opt out of the Settlement?
    17. If I opt out, can I get anything from the Settlement?
    18. If I do not opt out, can I sue Defendant for the same thing later?

**OBJECTING TO THE SETTLEMENT**............................................................**PAGE 7**
    19. How do I tell the Court that I do not like the Settlement?
    20. What is the difference between objecting and asking to be excluded?

**THE FINAL FAIRNESS HEARING** ..............................................................**PAGE 8**
    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to attend the Final Fairness Hearing?
    23. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** .............................................................................**PAGE 9**
    24. What happens if I do nothing at all?

**GETTING MORE INFORMATION**
    25. How do I get more information?.....................................................**PAGE 9**

# BASIC INFORMATION

## 1. Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Aleta A. Trauger of the United States District Court for the Middle District of Tennessee is overseeing this class action. The case is known as *Bandy. v. TOC Enterprises, Inc.,* No. 3:23-cv-00598 (M.D. Tenn.) (the "Litigation"). The person who filed this Litigation is called the "Plaintiff" and/or "Class Representative" and the company sued, TOC Enterprises Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A., is called the "Defendant."

## 2. What is this lawsuit about?

Plaintiff filed this lawsuit against Defendant, individually, and on behalf of current and former patients of Defendant whose personally identifying information or protected health information ("Private Information") was potentially impacted in the Data Incident.

Plaintiff alleges that in March 2023, as a result of the Data Incident, unauthorized third parties potentially accessed Class Members', Private Information. Plaintiff brought this lawsuit against Defendant alleging claims for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) unjust enrichment; (5) violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*; and (6) violation of Tennessee's Identity Theft Deterrence Act under Tenn. Code Ann. § 47-18-2104.

Defendant denies these claims and denies any wrongdoing or liability. No court or other judicial entity has made any judgment or other determination of any wrongdoing by Defendant, or that any law has been violated. Instead, Plaintiff and Defendant have agreed to a settlement to avoid the risk, cost, and time of further litigation.

## 3. Why is the lawsuit a class action?

In a class action, one or more people (called Class Representatives) sue on behalf of all people who have similar claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt out) from the class.

The proposed Class Representative in this Litigation is Plaintiff Jennifer Bandy.

## 4. Why is there a Settlement?

Plaintiff and Defendant do not agree about the claims made in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of Plaintiff or Defendant. Instead, Plaintiff and Defendant have agreed to settle the Litigation. The Class Representative, Defendant, and their attorneys believe the Settlement is best for all Class Members because of the benefits available to Class Members and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Defendant.

**Questions? Go to www.TOCsettlement.com or call 1-888-928-4179**

3

AJ6253 C2  Case 3:23-cv-00598    Document 44-2    Filed 02/29/24    Page 33 of 41 PageID #: 588

# WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are a Class Member if you were sent notice that your Private Information was potentially impacted in the Data Incident.

### 6. Are there exceptions to being included in the Settlement?

Yes. Excluded from the Class are (i) Defendant and its employees, officers, and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Class Member, you may go to the Settlement Website at www.TOCsettlement.com or call the Settlement Administrator's toll-free number at 1-888-928-4179.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

If you are a Class Member and you file a timely Valid Claim, you may be eligible for the following benefits:

**Documented Ordinary Out-of-Pocket Expenses**. All Class Members who submit a Valid Claim are eligible for the following documented ordinary out-of-pocket expenses, not to exceed $1,500 per Class Member, that were incurred as a result of the Data Incident:

1) unreimbursed bank fees;
2) long distance phone charges;
3) cell phone charges (only if charged by the minute);
4) data charges (only if charged based on the amount of data used);
5) postage;
6) gasoline for local travel;
7) unreimbursed losses due to fraud or identity theft; and
8) any other charge or loss reasonably related to the Data Incident incurred by Class Members between March 20, 2023, and April 8, 2024.

To receive reimbursement for the above-referenced out-of-pocket expenses, you must submit a Valid Claim, including documentation supporting your claim.

**Reimbursement for Attested Lost Time**. Class Members are also eligible to receive reimbursement for up to three hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (but only if at least one full hour was spent dealing with the Data Incident). As part of your Claim Form you must:

1) state that any claimed lost time was spent responding to issues raised by the Data Incident; and

2) provide a description of your time spent.

Claims for reimbursement of lost time may be combined with claims for documented out-of-pocket expenses.

**Documented Extraordinary Out-of-Pocket Expenses**. Class Members are also eligible to receive reimbursement for documented extraordinary out-of-pocket losses, not to exceed $4,000 per Class Member for documented monetary loss that:

1) is actual, documented, and unreimbursed;
2) was more likely than not caused by the Data Incident;
3) occurred between March 20, 2023, to April 8, 2024; and
4) is not already covered by one or more of the above-referenced reimbursed expenses.

Your Documented Extraordinary Out-of-Pocket Expense Claim must include documentation that you made reasonable efforts to avoid, or seek reimbursement for, such extraordinary losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

**Identity Theft Protection and Credit Monitoring**. Class Members may submit a Claim to accept two years of free 1-bureau credit monitoring and identity theft restoration services.

Class Members who previously enrolled in credit monitoring services offered by Defendant following the Data Incident (the "Automatic Credit Monitoring Subclass"), will be automatically provided one year of additional 1-bureau credit monitoring services without the need to make any claim for this Settlement benefit. This one year of credit monitoring is in addition to any credit monitoring previously offered by Defendant following the Data Incident. The Notice mailed to you will note if you are included in the Automatic Credit Monitoring Subclass.

## 9. What am I giving up to receive Settlement benefits or stay in the Class?

Unless you exclude yourself (opt out), you are choosing to remain in the Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Defendant or its Related Entities (collectively, the "Released Parties") about the legal issues in this Litigation that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

## 10. What are the Released Claims?

The Settlement Agreement in Paragraphs 1.25, 1.26, 1.27. 1.33 and Section 6 describes the Released Claims and the Release, in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.TOCsettlement.com or in the public Court records on file in this lawsuit. For questions regarding the Release or Released Claims and what the language in the Settlement Agreement means, you can also contact Class Counsel listed in Question 14 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 11. How do I make a claim for Settlement benefits?

To submit a claim for any of the benefits described in Question 8, you must timely submit a Valid Claim. Class Members seeking benefits under the Settlement must complete and submit a Valid Claim to the Settlement Administrator, **postmarked** or submitted online on or before

**Questions? Go to www.TOCsettlement.com or call 1-888-928-4179**

5

AJ6255(02/24) Case 3:23-cv-00598    Document 44-2    Filed 02/29/24    Page 35 of 41 PageID #: 590

**April 8, 2024.** Claim Forms may be submitted online at www.TOCsettlement.com or printed from the Settlement Website and mailed to the Settlement Administrator at the address on the form. The quickest way to submit a claim is online. Claim Forms are also available by calling 1-888-928-4179 or by writing to:

TOC Settlement Administrator
PO Box 5017
Portland, OR 97208-5017

**Claim Forms must be submitted online or postmarked by April 8, 2024.**

## 12. What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-888-928-4179 or by writing to:

TOC Settlement Administrator
PO Box 5017
Portland, OR 97208-5017

## 13. When will I receive my Settlement benefits?

If you file a timely and Valid Claim, payment will be provided by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.TOCsettlement.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes, the Court has appointed Lisa A. White and Danielle L. Perry of the law firm MASON LLP as Class Counsel to represent you and the Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Litigation.

## 15. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees and costs not to exceed $150,000 to be paid by Defendant. Class Counsel will also ask the Court to approve an Incentive Award of $2,000 for the Class Representative for participating in this Litigation and for her effort in achieving the Settlement. The Court may award less than these amounts. If awarded by the Court, Defendant will pay fees, costs, expenses, and the Incentive Award directly. The fees, costs, expenses and Incentive Award will not reduce the Settlement benefits available to the Class.

Class Counsel's application for attorneys' fees, expenses, and the incentive award will be made available on the Settlement Website at www.TOCsettlement.com before the deadline for you to comment or object to the Settlement.

# OPTING OUT FROM THE SETTLEMENT

If you are a Class Member and want to keep any right you may have to sue or continue to sue Defendant or its Related Entities on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

### 16. How do I opt out of the Settlement?

To opt out of the Settlement, you must timely mail written notice of a request for exclusion. The written notice must be:

(1) Signed,

(2) Include your name and address, and

(3) Clearly state that you wish to be excluded from the Class.

The exclusion request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **March 8, 2024**:

TOC Settlement Administrator
Exclusions
PO Box 5017
Portland, OR 97208-5017

**You cannot opt out (exclude yourself) by telephone or by email.**

### 17. If I opt out can I still get anything from the Settlement?

No. If you opt out, you will not be entitled to receive any Settlement benefits, but you will not be bound by any judgment in this case. You can only get Settlement benefits if you stay in the Settlement and submit a Valid Claim.

### 18. If I do not opt out, can I sue Defendant for the same thing later?

No. Unless you opt out, you give up any right to sue any of the Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Incident. You must opt out of this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

# OBJECTING TO THE SETTLEMENT

### 19. How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can tell the Court you do not agree with all or any part of the Settlement or requested attorneys' fees and expenses. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses.

To object, you must file timely written notice as provided below no later than **March 8, 2024**, stating you object to the Settlement in *Bandy v. TOC Enterprises, Inc.*, No. 3:23-cv-00598 (M.D. Tenn.). The objection must also include all the following additional information:

(1) Your full name, address, telephone number, and email address (if any);

(2) Information identifying you as a Class Member, including proof that you are a member of the Class (e.g., copy of notice, copy of original notice of the Data Incident);

(3) A written statement of all grounds for the objection, accompanied by any legal support you care to submit;

(4) The identity of all lawyers (if any) representing you;

(5) A statement as to whether you and/or your lawyer will appear at the Final Fairness Hearing;

(6) Your signature and the signature of your duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation); and

(7) A list, by case name, court, and docket number, of all other cases in which you and/or your lawyer has filed an objection to any proposed class action settlement within the last three (3) years.

To be timely, written notice of an objection in the appropriate form containing the case name and docket number (*Bandy v. TOC Enterprises, Inc.,* No. 3:23-cv-00598) must be filed with the Court by **March 8, 2024**, with copies to Class Counsel and Defendant's Counsel at the following addresses:

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Hon. Aleta A. Trauger Fred D. Thompson U.S. Courthouse & Federal Building 719 Church Street, Suite 1300 Nashville, TN 37203 | Lisa A. White & Danielle L. Perry MASON LLP 5335 Wisconsin Ave NW, Suite 640 Washington, D.C. 20015 | Casie D. Collignon and Keeley O. Cronin BAKER HOSTETLER LLP 1801 California Street Suite 4400 Denver, CO 80202 |

Any Class Member who fails to comply with the requirements for objecting detailed above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Class or the Settlement. If you opt out, you cannot object to the Settlement.

# THE FINAL FAIRNESS HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing on **March 14, 2024, at 3:00 p.m.** before the Honorable Aleta A. Trauger at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300, Nashville, TN 37203 or via Zoom or by phone. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Class Counsel's application for attorneys' fees, costs and expenses, and the Incentive Award to Plaintiff.

If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**Questions? Go to www.TOCsettlement.com or call 1-888-928-4179**
8

AJ6258 (2) Case 3:23-cv-00598    Document 44-2    Filed 02/29/24    Page 38 of 41 PageID #: 593

**Note:** The date and time of the Final Fairness Hearing are subject to change. The Court may also decide to hold the hearing via Zoom or by phone. Any change will be posted at www.TOCsettlement.com.

## 22. Do I have to attend to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to attend the court hearing to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 23. May I speak at the Final Fairness Hearing?

Yes, as long as you do not exclude yourself (opt out), you can (but do not have to) participate and speak for yourself at the Final Fairness Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting to the Settlement listed in Section 19 above—and specifically include a statement whether you and your counsel will appear at the Final Fairness Hearing.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will not receive any Settlement benefits, and you will give up rights explained in the "Opting Out from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties about the legal issues in this Litigation that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

## 25. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.TOCsettlement.com, by calling 1-888-928-4179 or by writing to:

TOC Settlement Administrator
PO Box 5017
Portland, OR 97208-5017

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

# Attachment 5



***Bandy v. TOC Enterprises***
**Exclusion Report**

| Number | Class Member Name |
|:------:|:------------------|
| 1 | Patricia A. Austin |
| 2 | John W. McDonald |
| 3 | Kathryn K. Arcangeli |